FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES P.,[1] <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN COLVIN, <br> Acting Commissioner of Social Security,[2] <br><br> Defendant. | No.   4:24-cv-05096-EFS <br><br> **ORDER AFFIRMING THE ALJ'S DENIAL OF BENEFITS** |

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

[2] Carolyn Colvin became the Acting Commissioner of Social Security on November 30, 2024. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, and section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), she is hereby substituted for Martin O'Malley as the defendant.

DISPOSITIVE ORDER - 1

Due to chronic sinusitis, obstructive sleep apnea, reactive airway disease/asthma, cornea transplant/glaucoma, ocular hypertension, and chronic headaches, Plaintiff James P. claims he is unable to work full-time and applied for social-security benefits. He appeals the denial of benefits by the Administrative Law Judge (ALJ) on the grounds that the ALJ improperly relied on vocational expert testimony at step five and failed to resolve whether the limitation of wearing sunglasses during work constituted an accommodation.  Although the record reflects that Plaintiff's impairments limit him physically, the ALJ's nondisability decision is adequately explained and supported by substantial evidence. For the reasons that follow, the ALJ's decision is affirmed.

## I.     Background

In January 2019, Plaintiff filed an application for benefits under Title 2, claiming disability beginning December 5, 2012, based on the physical impairments noted above.[3] After the agency denied his application initially and on reconsideration, Plaintiff requested a hearing before an ALJ.[4]  ALJ Lori Freund held a telephonic hearing in December 2019, during which Plaintiff and a vocational expert testified.[5]  On January 6, 2020, ALJ Freund issued a decision

---

[3] AR 384-392.

[4] AR 175-176.

[5] AR 32-73.

denying the claim, and the Appeals Council denied Plaintiff's request for review.[6] The ALJ issued an amended decision on May 6, 2020.[7] The Appeals Council remanded the case, holding that ALJ Freund lacked jurisdiction to issue the decision.[8] ALJ Freund issued another unfavorable decision on September 17, 2021.[9] The Appeals Council denied review of the September 2021 decision and Plaintiff appealed to this Court, which issued a decision remanding the case for proper consideration of Dr. Melsness' opinion that Plaintiff needed to wear sunglasses due to his visual impairments.[10]

On March 14, 2024, ALJ Freund held a telephone hearing, pursuant to the Court's remand order.[11] Plaintiff appeared to testify, as well as a medical expert and a vocational expert.[12] On May 13, 2024, ALJ Freund issued an unfavorable decision.[13]

---

[6] AR 133-152, 153-157.

[7] AR 158-162.

[8] AR 163-167.

[9] AR 8-31.

[10] AR 1-5, 1725-1726.

[11] AR 1644-1692.

[12] *Id.*

[13] AR 1608-1639.

DISPOSITIVE ORDER - 3

The ALJ found Plaintiff's alleged symptoms were not entirely consistent with the medical evidence and the other evidence.[14] As to medical opinions, the ALJ found:

- The opinions of Jennifer Melsness, DM, to be persuasive.
- The opinions of Jack Lebeau, MD, and Lynne Janke, MD, to be generally persuasive.
- The opinions of Nikerson Geneve, DO, to be persuasive.
- The opinions of state agency evaluator Robert Hander, MD, to be more persuasive and the opinions of state agency evaluator Howard Platter, MD, to be less persuasive.[15]

Plaintiff also considered the statements of Plaintiff's wife but noted that there was no indication that the observations were made during the relevant period.[16]

As to the sequential disability analysis, the ALJ found:

- Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017.
- Step one: Plaintiff had not engaged in substantial gainful activity between his alleged onset date of December 5, 2012, and his date last insured of December 31, 2017.

---

[14] AR 1617-1620.

[15] AR 1620-1622.

[16] AR 1622

DISPOSITIVE ORDER - 4

- Step two: Plaintiff had the following medically determinable severe impairments: chronic sinusitis, obstructive sleep apnea, reactive airway disease/asthma, cornea transplant/glaucoma, ocular hypertension, and chronic headaches.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments and specifically considered Listing 2.02, 3.02, and 11.02.

- RFC:  Plaintiff had the RFC to perform work at the light exertional level with the following exceptions:

    [Plaintiff could] sit, stand, and/or walk at least six hours in an eight-hour workday; he could never climb ladders, ropes, or scaffolds but could occasionally climb ramps and stairs; he could occasionally stoop, kneel, crouch, crawl, and balance; he should avoid all unprotected heights and being around hazardous machinery or moving mechanical parts; he should avoid even moderate exposure to extreme temperatures, airborne particulates and irritants, fumes, odors, dusts, gases, etc.; he should avoid working in environments with noise levels above that of an office setting; he would need to wear sunglasses indoors and outdoors throughout a workday; and he would need to avoid work requiring depth perception for precision work

- Step four: Plaintiff was unable to perform his past relevant work as a corrections officer and a head corrections officer.

- Step five: Plaintiff was able to perform jobs available in the national economy in substantial numbers as a housekeeping cleaner (DOT

DISPOSITIVE ORDER - 5

323.687-014), a marker (DOT 209.587-034), and a router (DOT 222.587-038).[17]

Plaintiff timely requested review by this Court.[18]

## II.     Standard of Review

The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error,"[19] and such error impacted the nondisability determination.[20] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[21]

---

[17] AR 1614-1624.

[18] ECF No. 1.

[19] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

[20] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

[21] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*,

### III.  Analysis

Plaintiff seeks relief from the denial of disability on the single ground that the ALJ erred in relying on the testimony of the vocational expert (VE) because she failed to resolve the issue of whether Plaintiff's need to wear sunglasses was an accommodation and therefore a "special condition," which would preclude employment pursuant to the regulations.  The Commissioner argues there was no error because the ALJ reasonably relied on the VE testimony.  As is explained below, the Court agrees with the Commissioner and affirms the ALJ's nondisability finding.

**A.    Step Five: Plaintiff fails to establish consequential error**

Plaintiff argues the ALJ erred in relying on the VE testimony and by failing to properly evaluate whether the use of sunglasses is a special accommodation precluding competitive employment.  He argues that the use of sunglasses is deemed by the ADA to be a special accommodation and that pursuant to 20 C.F.R. § 404.1573 a person requiring "special circumstances" is precluded from employment. He argues that the ALJ erred in relying on the VE's testimony that employers would make an allowance for the use of sunglasses.

---

143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

DISPOSITIVE ORDER - 7

1.  Standard

At step five, the ALJ has the burden to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite their identified limitations.[22] At an administrative hearing, an ALJ may solicit vocational expert testimony as to the availability of jobs in the national economy.[23] A vocational expert's testimony may constitute substantial evidence of the number of jobs that exist in the national economy.[24] The ALJ's decision regarding the number of alternative occupations must be supported by substantial evidence.[25]

At step five, the ALJ considers the claimant's background and RFC, along with the testimony of the vocational expert, to decide whether the claimant can perform available jobs notwithstanding his functional limitations.[26] If the vocational expert's "opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the *Dictionary*, then the ALJ

---

[22] *Johnson v. Shalala*, 50 F.3d 1428, 1432 (9th Cir. 1995). *See* 20 C.F.R. § 404.1520(g).

[23] *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 2011).

[24] *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

[25] *Farias v. Colvin*, 519 F. App'x 439, 440 (9th Cir. 2013) (unpublished). *See Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).

[26] 20 C.F.R. §§ 404.1520(g), 404.1560(c); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Hill*, 698 F.3d at 1161.

must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled":[27]

> For a difference between an expert's testimony and the *Dictionary's* listings to be fairly characterized as a conflict, it must be obvious or apparent. This means that the testimony must be at odds with the *Dictionary's* listing of job requirements that are essential, integral, or expected. This is not to say that ALJs are free to disregard the *Dictionary's* definitions or take them with a grain of salt—they aren't. But tasks that aren't essential, integral, or expected parts of a job are less likely to qualify as apparent conflicts that the ALJ must ask about. Likewise, where the job itself is a familiar one—like cashiering—less scrutiny by the ALJ is required.[28]

The ALJ—and the reviewing court—are to consider not only the *Dictionary* and SCO, but also common experience, to determine whether there is an apparent conflict.[29]

---

[27] *Gutierrez v. Colvin,* 844 F.3d 804, 807 (9th Cir. 2016).

[28] *Id.* at 808; *see also* SSR 00-4p ("When a [vocational expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] . . . evidence and information provided in the [*Dictionary*].").

[29] *Lamear v. Berryhill*, 865 F.3d 1201, 1205–06 (9th Cir. 2017); *see also* SSR 00-4p (requiring the ALJ to consider the *Dictionary* and SCO); SSR 83-14 (referencing the *Dictionary* and SCO).

### 2. The Vocational Expert's Testimony

The following exchange took place on the record:

> ALJ: Okay, and so there are jobs where employers would allow the employees to wear sunglasses during the course of their work?
>
> VE: Yes, these are not public safety jobs. And as long as the individual could perform their tasks, sunglasses would not be precluded.
>
> ALJ: Okay. All right, Counsel, I'm going to turn time over to you.
>
> ATTY: Thank you.
>
> ATTY: is the wearing of sunglasses considered a workplace accommodation?
>
> VE: I don't believe that it is.
>
> ATTY: okay and how have you come to that conclusion?
>
> VE: I come to that conclusion if an individual is able to perform their job in a productive manner, then there would be no particular accommodation to wearing glasses or sunglasses.[30]

### 3. The ALJ's Findings

The ALJ specifically addressed Plaintiff's objection to VE testimony at the hearing, articulating the following:

> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles (DOT). Regarding limitations not addressed by the DOT, the vocational expert stated that, per her 34 years' experience as a vocational rehabilitation counselor, wearing sunglasses would not prohibit the performance of

---

[30] AR 1681-1682.

DISPOSITIVE ORDER - 10

the jobs cited above. The claimant's representative asked the expert whether wearing sunglasses would be a workplace accommodation, and the expert responded in the negative. When asked how she arrived at that conclusion, the expert stated that if an individual could perform a job in a productive manner, there would be no need to accommodate wearing sunglasses. The representative suggested possible case law during the hearing that varied from the expert's testimony, but did not object to the testimony at the hearing. The undersigned provided an opportunity for the representative to submit a post-hearing brief on the issue. The representative stated in the brief that the expert's assertion that wearing sunglasses was not an accommodation was "problematic" because the DOT did not provide guidance on the permissibility of sunglasses for any listed job (56E/1). The brief continued that the vocational expert would need to substantiate the claim with concrete evidence rather than an assertion of "many years of experience," and she requested that the expert present data or survey results demonstrating the acceptability and prevalence of wearing sunglasses in work environments.

The representative did not cite case law or any statutory authority that wearing sunglasses would preclude work and/or be considered a workplace accommodation, other than stating that "the necessity for sunglasses due to lighting conditions inherently signifies an accommodation under the ADA." The undersigned also notes from Biestek v. Berryhill, 139 S. Ct. 1148 (2019) that the Court considered testimony from an expert with professional qualifications, many years' experience, and a history of giving sound testimony "the kind of evidence – far 'more than a mere scintilla' – that 'a reasonable mind might accept as adequate to support" a finding about job availability" even without providing the "concrete evidence" the claimant requests. The Court acknowledged "that expert testimony can sometimes surmount [the substantial-evidence bar] absent underlying data." The vocational expert in the claimant's case is the type of expert contemplated by the Court, having over 30 years of experience in vocational rehabilitation and several years of experience as a vocational expert for disability hearings. The undersigned also notes that there is technically no conflict between the expert's testimony and the DOT, as the expert simply cited her own experience where the DOT was silent on a particular limitation.[31]

---

[31] AR 1624.

4. <u>Analysis</u>

Plaintiff's argument is predicated on two separate sub-arguments, first that the VE erred by failing to acknowledge that the use of sunglasses is an accommodation pursuant to the Americans with Disabilities Act (ADA), and secondly that once having found that the use of sunglasses was an accommodation the ALJ should have found that it constituted a special circumstance which precluded work pursuant to 20 C.F.R. § 404.1573. The Court concludes that Plaintiff's argument fails as to both prongs.

  A. <u>20 C.F.R. § 404.1573 is not applicable.</u>

Plaintiff argues that because he has to wear sunglasses and the ADA provides that an employer must provide an accommodation for that work, it constitutes a "special circumstance" pursuant to 20 C.F.R. § 404.1573. This argument is flawed both as to the application and substance of 20 C.F.R. § 404.1573.

Section 404.1573 provides that work performed by a claimant shall not be considered to have been performed at the SGA level if he was paid more than the actual value of his work and his salary was "subsidized" in some manner by the employer. It states:

> (b) **How well you perform.** We consider how well you do your work when we determine whether or not you are doing substantial gainful activity. If you do your work satisfactorily, this may show that you are working at the substantial gainful activity level. If you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level. If you are doing work that involves minimal duties that make little or no demands on you and that are of little or no use to your

employer, or to the operation of a business if you are self-employed, this does not show that you are working at the substantial gainful activity level.

(c) *If your work is done under special conditions.* The work you are doing may be done under special conditions that take into account your impairment, such as work done in a sheltered workshop or as a patient in a hospital. If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity. Also, if you are forced to stop or reduce your work because of the removal of special conditions that were related to your impairment and essential to your work, we may find that your work does not show that you are able to do substantial gainful activity. However, work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level. Examples of the special conditions that may relate to your impairment include, but are not limited to, situations in which—

(1) You required and received special assistance from other employees in performing your work;
(2) You were allowed to work irregular hours or take frequent rest periods;
(3) You were provided with special equipment or were assigned work especially suited to your impairment;
(4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;
(5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or
(6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.[32]

Plaintiff wrongly relies on applying 20 C.F.R. § 404.1573(c) at step five when it is intended to address the situation at step one of whether a claimant's salary for past work was inflated due to special circumstances and his past employment did not actually qualify as substantial gainful activity.[33] Here, there

---

[32] 20 C.F.R. § 404.1573(b-c).

[33] *Katz v. Sec'y of Health & Human Servs.,* 972 F.2d 290, 293 (9th Cir.1992); *Thomas v. Astrue*, 359 F. App'x 761, 763 (9th Cir. 2009).

DISPOSITIVE ORDER - 13

is no inference nor has Plaintiff even argued that he would be receiving pay not reflective of his work if he wore sunglasses.

Additionally, if the Court were to find that 20 C.F.R. § 404.1573(c) was applicable here, Plaintiff has not met the requirements to show that his use of sunglasses is a "special circumstance." There is no allegation that Plaintiff would need additional assistance, would be less productive than other workers, or would need additional assistance or any special arrangements. Sunglasses would not fit the simple definition of "special equipment provided by an employer" nor do they fit any of the other 5 listed criteria. In short, Plaintiff has failed to establish how he fits the criteria for 20 C.F.R. § 404.1573(c) even if the Court were to conclude that it was applicable here, which it is not.

        b.    *The VE did not rely on the ADA when rendering her opinion as to jobs available*

Plaintiff argues that the VE erred in opining that the use of sunglasses was not an "accommodation" because the ADA provides that employers must provide an otherwise qualified worker the opportunity to use sunglasses if he is photosensitive. Plaintiff's argument is flawed, however.

It would appear to the Court that Plaintiff's argument is based in part on the following language in a decision in which the U.S. Supreme Court stated that, in the Social Security context, the Commissioner does not take the possibility of "reasonable accommodation" into account when determining whether a claimant is disabled:

>Despite the appearance of conflict between the SSDI program (which provides benefits to a person with a disability so severe that she is unable to do her previous work or any other kind of substantial gainful work) and the ADA (which prohibits covered employers from discriminating against a disabled person who can perform the essential functions of her job, including those who can do so only with reasonable accommodation), the two claims do not inherently conflict to the point where courts should apply a special negative presumption such as the one applied below. There are many situations in which an SSDI claim and an ADA claim can comfortably exist side by side. For example, since the Social Security Administration (SSA) does not take into account the possibility of "reasonable accommodation" in determining SSDI eligibility, an ADA plaintiff's claim that she can perform her job *with* reasonable accommodation may well prove consistent with an SSDI claim that she could not perform her own job (or other jobs) *without* it. An individual might qualify for SSDI under SSA's administrative rules and yet, due to special individual circumstances, be capable of performing the essential functions of her job. Or her condition might have changed over time, so that a statement about her disability made at the time of her application for SSDI benefits does not reflect her capacities at the time of the relevant employment decision. Thus, this Court would not apply a special legal presumption permitting someone who has applied for, or received, SSDI benefits to bring an ADA suit only in some limited and highly unusual set of circumstances. Pp. 1601–1603.[34]

As noted above, Plaintiff has erred in confusing the provisions regarding "special circumstances of work" set forth in 20 C.F.R. § 404.1573, with the Supreme Court's use of the language "special individual circumstances" above.

Similarly, Plaintiff errs in failing to consider the fact that a "workplace accommodation" testified to by a vocational expert in the context of Social Security proceedings are different from the "reasonable accommodation" applied under the

---

[34] *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 795–96 (1999).

ADA.[35]  While both the ADA and social security regulations address employer "accommodations" the two have differing standards and definitions of an "accommodation."  For purposes of the ADA, an "accommodation" is an allowance that an employer is legally required to provide to a worker who is otherwise qualified and able to perform a job.[36] On the other hand, for purposes of VE testimony, an "accommodation" is an allowance necessary for a claimant to perform work which would not be ordinarily offered by employers.

In this instance, the VE did not raise the existence of a "reasonable accommodation" pursuant to the ADA.  That issue was raised solely on appeal by Plaintiff. The VE was asked if she believed that the use of sunglasses was a necessary "workplace accommodation" and she clearly responded that she did not think it was and thought it would be allowed by employers if it did not interfere with job performance.  The VE did not raise the ADA's definition of a "reasonable accommodation" and there is no evidence that she ever considered any provision of the ADA when rendering her opinions.  She specifically testified to the contrary that she was relying upon her own 34 years of experience as a vocational counselor

---

[35] *Ramirez v. Comm'r of Soc. Sec.*, No. 1:14-CV-01176-SAB, 2015 WL 5544501, at *3 (E.D. Cal. Sept. 18, 2015).

[36] 42 U.S.C.A. § 12111 (West).

in forming that opinion because the use of sunglasses is not discussed in the DOT.[37]

The U.S. Supreme Court ruling in *Cleveland v. Policy Management Systems Corp.*[38] states clearly that the ADA and Social Security Act do not inherently conflict and can reasonably co-exist. This is clearly one of those instances. Additionally, the Ninth Circuit has ruled that vocational expert testimony is "inherently" reliable and may be reasonably relied upon by an ALJ in absence of clear proof it is flawed.[39] Plaintiff has offered no evidence to refute the reliability of the VE's testimony. He has not offered conflicting vocational expert testimony or evidence of any conflicting vocational expert opinion, nor has he offered any evidence from the DOT or SCO of any conflicting provision.

The Court finds that the ALJ's consideration of the VE's testimony was reasonable.[40] Accordingly, the Court finds that the ALJ did not err in accepting the VE's testimony regarding the number of jobs in the national economy which Plaintiff could perform and declines to remand as to this issue.

---

[37] AR 1682.

[38] *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. at 795–96.

[39] *Buck v Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017).

[40] *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

## IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. The ALJ's nondisability decision is **AFFIRMED**.

2. The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 8 and 9,** enter **JUDGMENT** in favor of the **Commissioner**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 9th day of January 2025.

*Edward F. Shea*
———————————
EDWARD F. SHEA
Senior United States District Judge